IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CV-168-FL

| | | |
|---|---|---|
| VERNICE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WEYERHAEUSER NR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss, (DE 5), and motion for civil contempt, (DE 8). Plaintiff, proceeding pro se, filed duplicate documents, which the court construes as responses to defendant's motions. (DE 14, 15) Defendant replied. (DE 16). In this posture, the issues presented are ripe for ruling. For reasons noted, defendant's motions are granted.

As described in this court's order granting defendant's motion for summary judgment in <u>Bell v. Weyerhaeuser NR, Co.</u>, No. 4:16-CV-287-FL, 2017 WL 2988237 (E.D.N.C. July 13, 2017), plaintiff previously initiated three civil actions against defendant asserting claims arising from a forklift injury occurring in 2009.[1] This is the fourth such action. All three prior actions ended in dismissal. <u>See</u> <u>id.</u> at *1, *3. In addition, upon finding that plaintiff lacked any objective good faith basis to persist in repetitive lawsuits and where such lawsuits unnecessarily have burdened defendant and the court, this court entered a pre-filing injunction directing that "plaintiff is enjoined from filing in this district any lawsuit against defendant which involves claims related to, or arising

---

[1] The court incorporates herein by reference "background" set forth in the above referenced order.

out of, her 2009 forklift injury, including all matters addressed in any prior North Carolina case, state or federal, without leave of court." Bell v. Weyerhaeuser NR, Co., No. 4:16-CV-287-FL, DE 32 at 3, (E.D.N.C. Oct. 27, 2017).

Plaintiff filed the instant action in the General Court of Justice, District Court Division for Pitt County, North Carolina, (DE 1-1 at 2), which county and court are "in this district." 28 U.S.C. § 113(a); see Bryan v. BellSouth Comm., Inc., 492 F.3d 231, 236 (4th Cir. 2007) ("The [relitigation] exception [to the Anti-Injunction Act, 28 U.S.C. § 2283] permits a court to enjoin state-court proceedings in order to protect the res judicata effects of federal judgments."). The complaint does not allege with specificity any facts; however, the complaint does make reference to plaintiff's prior dismissed cases and indicates that this action constitutes a continuation of that overarching litigation strategy. (See DE 1-2 at 2 ("I would like to file a complaint against weyerhaeuser company. I am filing a complaint against weyerhaeuser lawyer for taking advantage and control of all my cases.")). In a prayer for relief, plaintiff requests "hearing or compensate me for my cases." (Id.). In this manner, where plaintiff seeks compensation for her "cases," it is apparent the complaint embraces and reasserts prior dismissed claims. Additionally, any claims against defendant's counsel constitute "claims related to, or arising out of, [plaintiff's] 2009" forklift injury." See Bell v. Weyerhaeuser NR, Co., No. 4:16-CV-287-FL, DE 32 at 3, (E.D.N.C. Oct. 27, 2017). Plaintiff did not seek leave of court prior to filing this action. (See DE 1).

Based upon the foregoing, where plaintiff has filed in this district a lawsuit against defendant which involves claims related to, and arising out of, her 2009 forklift injury, including matters addressed in prior North Carolina cases, without leave of court, plaintiff has violated this court's pre-filing injunction and stands in contempt of court. Therefore, sanction in the amount of

defendant's costs and attorneys' fees incurred in connection with filing the instant motions is warranted to compensate defendant's for losses associated with plaintiff's contempt. See Cromer v. Kraft Foods North Am., Inc., 390 F.3d 812, 821 (4th Cir. 2004) ("A court may impose sanctions for civil contempt . . . to compensate the complainant for losses sustained as a result of the contumacy."). Moreover, where plaintiff's claims "arise out of the same transaction or series of transactions, [and] the same core of operative facts" as claims asserted in earlier cases, which cases, as noted previously were dismissed, plaintiff's claims are res judicata barred and must be dismissed. See Grausz v. Englander, 321 F.3d 467, 472–73 (4th Cir. 2003).

## CONCLUSION

Defendant's motion to dismiss, (DE 5) is GRANTED and the complaint is DISMISSED. Defendant's motion for civil contempt, (DE 8) is GRANTED. Plaintiff is SANCTIONED in the amount of defendant's costs and attorneys' fees incurred in connection with filing the instant motions. Defendant is DIRECTED to file a statement of costs and fees within 21 days hereof. Plaintiff's response, if any, is due 14 days after defendant files its statement, whereupon the court will enter such further order as is warranted to close the case. Until plaintiff pays the sanction in full, plaintiff may not file any document with this court except response to defendant's statement as authorized by this order. If plaintiff successfully files any other document without having paid the sanction, the clerk is DIRECTED to strike any such filing from the record and return the document to plaintiff.

SO ORDERED, this the 19th day of January, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge